IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RICKIE LEE JOHNSON,                  §
                                     §
        Petitioner,                  §
                                     §
v.                                   §          2:05-CV-0057
                                     §
DOUGLAS DRETKE, Director,            §
Texas Department of Criminal Justice,§
Institutional Division,              §
                                     §
        Respondent.                  §


## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner RICKIE LEE JOHNSON  has filed with this Court a Petition for a Writ of

Habeas Corpus by a Person in State Custody.  By his pleading, petitioner advises he is currently

serving a 10-year sentence, assessed upon his July 18, 1994 conviction for the offense of

delivery of a controlled substance out of the 31st Judicial District Court of Gray County, Texas.

*State v. Johnson*, No. 5244.  Although not entirely clear from the documents presented,

petitioner appears to also state he was released from confinement on conditional release on at

least three (3) separate occasions, but that each time his release was subsequently revoked.  By

the present application, petitioner appears to challenge the forfeiture of good time credits upon

the revocations of his conditional releases, as well as respondent's failure to credit petitioner's

sentence with time served for the periods of time he was on release from confinement,

commonly called "street time."  Petitioner avers he filed a state application for writ of habeas

corpus purportedly seeking calendar time credit toward his sentence for time spent on

conditional releases and good time credit earned prior to his conditional releases. According to petitioner, such application was denied without written order on or about February 11, 2005.[1] For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion petitioner's federal habeas application should be denied.

## I.
## PETITIONER'S ALLEGATIONS

In support of his contention that he is being held in violation of the Constitution and laws of the United States, petitioner appears to present the following grounds:

1.      Petitioner is constitutionally entitled to calendar (flat) time credit toward his 10-year sentence for time he spent out-of-prison on conditional release;

2.      Petitioner is constitutionally entitled to good time credits accrued prior to each conditional release.

## A.
## Street Time as Calendar Time

In his first ground, petitioner maintains he is constitutionally entitled to flat time, or calendar time, for each period of time he was out-of-prison on conditional release, and that respondent's failure to credit his sentence with such time is in violation of his federal constitutional rights. Under federal law, a prisoner does not receive credit toward his calendar time for time spent on conditional release if the prisoner violates the conditions of his release. *See United States v. Newton,* 698 F.2d 770, 772 (5th Cir.1983)*; Starnes v. Connett,* 464 F.2d 524 (5th Cir.1972); *Betts v. Beto,* 424 F.2d 1299, 1300 (5th Cir.1970). Similarly, Texas statutory law

---

[1]Based on this representation, it appears petitioner has properly presented, to the highest court of the State of Texas, the substance of all of the claims he now presents to this federal court. Accordingly, as the record now exists, it is the opinion of the Magistrate Judge that the petitioner has exhausted his available state court remedies, and that this cause not be dismissed for any failure to exhaust, but instead, be decided on the merits.

in effect at the time of each of petitioner's conditional releases provided that an inmate serving

the remainder of his sentence after the revocation of his conditional release did not receive credit

for the time from the date of the person's release to the date of revocation.  *See* Tex. Gov't Code

Ann. §§ 508.283(b) (previously Tex. Code Crim. Proc. Ann. art. 42.18 § 14(a)).  The Texas and

federal laws do not raise constitutional concerns.  *Thompson v. Cockrell,* 263 F.3d 423, 426 (5th

Cir. 1999) (*citing Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir. 1997)).  Petitioner

therefore does not have a liberty interest grounded in either a state law or the federal Due

Process Clause itself that would require respondent to credit petitioner with the street time he

spent on parole.  Petitioner has failed to state a federal constitutional violation in this ground so

as to entitle him to federal habeas relief.  Petitioner's claim should be denied.

## B.
### Good Time

Petitioner also contends respondent is unconstitutionally denying him credit for good time

he accrued during the time he was incarcerated prior to his conditional releases from prison on

parole or mandatory supervision.  Texas law is clear that good conduct time applies only to

eligibility for parole or mandatory supervision and does not otherwise affect an inmate's term.

Tex. Gov't Code Ann. § 498.003 (Vernon 2002).  It is also clear, that upon revocation of parole or

mandatory supervision, an inmate loses all good conduct time previously accrued.  *See* Tex. Gov't

Code Ann. § 498.004 (Vernon 2002) (previously section 497.004 and Tex. Rev. Civ. Stat. art.

6181-1).[2]  Upon return to the institutional division, the inmate may accrue new good conduct time

for subsequent time served in the division.  *Id.*  Current Texas law does *not* allow the restoration

---

[2]Texas statutes have provided for the forfeiture of good conduct time upon revocation of conditional release since 1977. *See Thompson v. Cockrell* 263 F.3d 423, 428 (5th Cir. 2001) (citing *Ex Parte Henderson,* 645 S.W.2d 469, 471 (Tex.Crim.App. 1983) (en banc) (citing Article 6181-1, Sec. 4, V.A.C.S. (effective August 29, 1977)).

of good conduct time forfeited on a revocation.  *Id*.  Respondent is not violating Texas law by denying petitioner credit for previous accrued good time and, thus, petitioner is not being denied any constitutional right to due process.

To the extent, if any, petitioner claims he has a protected liberty interest in his pre-parole good time credits, neither current or prior Texas law has created a protected liberty interest in such good time credits.  Since 1977, Texas law has provided that good conduct time credits are a "privilege and not a right."  *See* Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 (West 1987) (now Tex. Gov't Code Ann. § 498.003 (Vernon 2002)).  Texas case law has clarified that "good-time is not a vested right, but rather is a privilege which may be forfeited . . . by violating the guidelines of a conditional release program."  *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex.Crim.App. 1983).  This determination was made on the basis that the statutes have vested complete discretion with the state correctional authorities on the issue of whether good time credits forfeited upon revocation of parole or mandatory supervision were to be restored.  ("The director of the institutional division may restore good conduct time forfeited on a revocation that does not involve a new criminal conviction after the inmate has served at least three months of good behavior in the institutional division, subject to rules adopted by the division."  Tex. Gov't Code § 498.004 (Vernon 1995)).  Specifically, the discretion to restore or not to restore forfeited good conduct time eliminated any valid expectation of restoration as restoration of good conduct time was optional.  Consequently, there was no protected liberty interest in the restoration of these good time credits. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5th Cir.1997) (determining there is no protected liberty interest in the restoration of good time credits forfeited for

disciplinary infractions because the state statutes vest complete discretion with the state correctional authorities on the issue of restoration).  On September 1, 1995, Texas law was amended and removed from prison authorities any authority to restore good time credits forfeited on a revocation.  (The department may not restore good conduct time forfeited on a revocation.")  There is no protected liberty interest in the good time credits accrued prior to conditional release but forfeited upon revocation of conditional release.  Petitioner's allegation should be DENIED.

II.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner RICKIE LEE JOHNSON be DENIED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>16th</u> day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).